UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
KEYONNIE FRASIER,                                   :
                                                    :
                              Plaintiff,            :
                                                    :
              -v-                                   :
                                                    :
CYNTHIA MCNEIL, AMY MARTINEZ, and TARSHA            :
BETHEA, *in their official and individual capacities*,  :
                                                    :
                              Defendants.           :
                                                    :
------------------------------------------------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____      │
│ DATE FILED: 3 / 5 /15       │
└─────────────────────────────┘
```

13 Civ. 8548 (PAE) (JCF)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Plaintiff Keyonnie Frasier, proceeding *pro se*, brings this civil rights action under 42

U.S.C. § 1983 against three corrections officers, Cynthia McNeil, Amy Martinez, and Tarsha

Bethea, alleging that they used excessive force against her, and thereby violated her

constitutional rights, while she was incarcerated at the Bedford Hills Correctional Facility

("Bedford Hills"). On July 25, 2014, defendants McNeil and Martinez moved to dismiss

Frasier's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), based on

Frasier's failure to exhaust administrative remedies as required by the Prison Litigation Reform

Act of 1995 ("PLRA"). Dkt. 38.[1]

Before the Court is the December 19, 2014 Report and Recommendation of the

Honorable James C. Francis IV, United States Magistrate Judge, recommending that the Court

---

[1] As to Bethea, defense counsel represents that, on January 30, 2013, some 10 months before
Frasier brought this lawsuit, Bethea resigned from the New York State Department of
Corrections and Community Supervision ("DOCCS"). Dkt. 39 ("Def. Amend. Br."), at 1 n.1.
Defense counsel represents that she has attempted, unsuccessfully, to locate Bethea and notify
her of this lawsuit. *Id.*

deny McNeil and Martinez's motion.  Dkt. 45 ("Report").  For the reasons that follow, the Court adopts the Report's recommendation that McNeil and Martinez's motion be denied.

## I.      Background[2]

On November 26, 2013, Frasier, a former inmate of Bedford Hills, filed the Complaint against McNeil, Martinez, and Bethea, as well as other prison staff (nurses Gabaco and Laslow, Sergeant Robert Arndt, and Sabina Kaplan, the superintendent of Bedford Hills).  Dkt. 2 ("Complaint").[3]  Frasier alleges that on December 25, 2012, McNeil, Martinez, and Bethea violated her Eighth Amendment rights by using excessive force against her during a visit to the Regional Medical Unit's "strip frisk" room, and that as a result of being punched, scratched, and having her earrings pulled out of her ear, Frasier suffered a broken right ankle, lacerations to her right arm, split lip, and bruises.

On December 17, 2013, the Court issued an order allowing Frasier to proceed *in forma pauperis*, and an order directing the U.S. Marshals to serve defendants on Frasier's behalf.  Dkt. 5, 7.  On March 10, 2014, the Court referred the case to Judge Francis for general pretrial supervision.  Dkt. 17.  On May 16, 2014, McNeil and Martinez, joined by Gabaco, Laslow, Arndt, and Kaplan, filed a motion to dismiss pursuant to Rule 12(b)(6), Dkt. 28, and a supporting memorandum of law, Dkt. 29 ("Def. Br.").

---

[2] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, as well as the Complaint (Dkt. 2) and Amended Complaint (Dkt. 35).  In considering the motion to dismiss, the Court, like Judge Francis, accepts as true all well-pled facts alleged in the Complaint and Amended Complaint, and draws all reasonable inferences in favor of Frasier.  *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

[3] Frasier's Complaint identifies the nurses as "Nurse Laslow" and "Nurse Gabaco," Complaint ¶ 6, whereas defendants' motion to dismiss identifies them as "Patricia Laslo" and "Marguerite Gbocho" (as well "Margueryty Gbocho"), Dkt. 29 ("Def. Br."), at 1.

On June 20, 2014, Frasier filed the Amended Complaint, raising claims against only McNeil, Martinez, and Bethea.  Dkt. 35 ("Amend. Compl.").  On July 24, 2014, McNeil and Martinez filed a motion to dismiss the Amended Complaint, Dkt. 38, and a supporting memorandum of law, Dkt. 39 ("Def. Amend. Br.").  Frasier did not file papers in opposition to the motion to dismiss.

On December 19, 2014, Judge Francis issued the Report, recommending that the motion to dismiss be denied on two grounds.  Dkt. 45.

First, Judge Francis found, Frasier had alleged facts under which her failure to exhaust, specifically, her failure to file an administrative appeal, would be excused under the PLRA.  *Id.* at 11.  In particular, after timely filing her grievance, Frasier had been notified by the prison superintendent that her grievance had been referred to the Inspector General's Office for investigation.  (On the record before the Court, it appears that no further action was taken, or at least communicated to Frasier.)  Under the administrative review and appeals system for prisoner grievances, such an investigation is to be requested "[i]f it is determined that the grievance is a bona fide harassment issue."  N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 7 § 701.8(d).  And, where an inmate has received favorable relief, there is no basis for the inmate to file an administrative appeal.  Report 9 (citing *Hairston v. LaMarche*, No. 05 Civ. 6642 (KMW) (AJP), 2006 WL 2309592, at *9 (S.D.N.Y. Aug. 10, 2006)).  It therefore would not have been clear to Frasier what, if anything, further *she* had been obligated to do to exhaust her claims administratively.  *Id.* at 9–11.

Second, Judge Francis noted, even if Frasier had failed to exhaust her administrative remedies, the ordinary recourse would be for the Court to dismiss the inmate's case without prejudice, so as to give the inmate the opportunity to exhaust within the administrative system

and then return to federal court if need be.  Report 11 (citing *Hairston*, 2006 WL 2309592, at

*10).  But Frasier (in July 2014) had since been released from DOCSS custody.  Accordingly,

Judge Francis concluded, Frasier's claim should be allowed to proceed in federal court on the

merits.  *Id.* at 12.

On February 2, 2015, defendants McNeil and Martinez filed objections to the Report.

Dkt. 50 ("Def. Obj.").  Frasier did not file an opposition to these objections.

## II.     Discussion

### A.      Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed.

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept

those portions of the report to which no timely objection has been made, "a district court need

only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, No. 02

Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United*

*Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414

F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

### B.      Objections to the Report

Defendants McNeil and Martinez raise two objections to the Report.  The Court

addresses these in turn.

First, defendants argue that Frasier did not allege any facts to qualify for an exception

under the PLRA; thus, defendants contend, Frasier is not excused from the PLRA's exhaustion

requirement.  *See* Def. Obj. 4–7.  That objection, however, merely restates arguments made

before Judge Francis.  *See* Def. Br. 4–8.  Judge Francis's Report thoughtfully considered these

arguments.  It concluded that the allegations in the Amended Complaint were sufficient to plead

an excuse for failure to exhaust, and cited several cases in which similar allegations were held

sufficient to support a finding that a failure to exhaust was excusable because it was based on a

reasonable but erroneous interpretation of prison regulations.  *See* Report 8–11.  The Court does

not find clear error in this conclusion.

In the course of making this objection, defendants seek an evidentiary hearing or limited

discovery on the issue of exhaustion.  Def. Obj. 7.  Defendants, however, did not seek such relief

before Judge Francis.  Thus, the Court declines to consider this request here.  *See Grant v. Bradt*,

No. 10 Civ. 394 (RJS), 2012 WL 3764548, at *4 (S.D.N.Y. Aug. 30, 2012) ("Generally, courts

do not consider new arguments and new evidence raised in objections to a magistrate judge's

report and recommendation that were not raised, and thus were not considered, by the magistrate

judge.") (internal quotation marks and citation omitted); *Robinson v. Keane*, No. 92 Civ. 6090

(CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before

the Magistrate Judge and therefore were not addressed by him; accordingly, they may not

properly be deemed 'objections' to any finding or recommendation made in the Report and

Recommendation. . . .  An objecting party may not raise new arguments that were not made

before the Magistrate Judge.").  This ruling does not, however, preclude defendants, following

issuance of this decision, from requesting such a hearing before Judge Francis.  The Court is

unaware of any authority requiring that a hearing (or discovery) regarding a claim of a failure to

exhaust be held, if at all, before the resolution of a motion to dismiss.  *See Messa v. Goord*, 652

F.3d 305, 308 (2d Cir. 2011) (affirming district court's dismissal of plaintiff's claims based on

failure to exhaust; court held an evidentiary hearing on exhaustion after it had resolved summary judgment motions and days before trial was scheduled to start); *see also Winfield v. Bishop*, No. 09 Civ. 1055 (LEK) (TWD), 2013 WL 4736378, at *1, 8 (N.D.N.Y. Sept. 3, 2013) (adopting recommendation to hold evidentiary hearing on exhaustion of administrative remedies after an summary judgment decision issued).  Indeed, in both cases on which defendants rely, a summary judgment decision had already been issued before an evidentiary hearing was held on the issue of exhaustion.  *See* Def. Obj. 7 (citing *Collins v. Caron*, No. 10 Civ. 1527 (GTS) (RFT), 2014 WL 296859 (N.D.N.Y. Jan. 27, 2014); *Dennis v. Hopkins*, No. 06 Civ. 3868 (FPS), 2013 WL 3975940 (S.D.N.Y. July 30, 2013)).  The Court expresses no opinion as to whether such a hearing is merited here.

Second, defendants object to the Report's finding that Frasier was excused from exhausting all administrative remedies because the fact that she is no longer in custody would make doing so impossible.  Def. Obj. 8–9.  This objection also largely duplicates arguments raised before and addressed by Judge Francis.  *See* Def. Amend. Br. 4; *see also* Report 11–12. Defendants argue that Frasier's subsequent release does not justify her failure to exhaust while she was still in custody.  Def. Obj. 8–9.  Defendants are correct that this is ordinarily so:  An inmate who failed to exhaust administrative remedies cannot avoid the consequences of this failure by noting that his or her subsequent release from custody makes it impossible now to exhaust.  But this rule is subject to an exception.  The Second Circuit has held that where a plaintiff does *not* have "special circumstances [to] justif[y] failure to exhaust," and the plaintiff has failed to exhaust her administrative remedies during a period when those remedies were available and no longer can do so, dismissal with prejudice is proper.  *Berry v. Kerik*, 366 F.3d 85, 87–88 (2d Cir. 2003).  Based on this authority, in the two cases on which defendants rely,

dismissal was required because there was no viable claim of special circumstances excusing compliance with the exhaustion requirement. *See Winfield v. Marocco*, No. 09 Civ. 1055 (LEK) (TWD), 2014 U.S. Dist. LEXIS 180479 (N.D.N.Y. Nov. 19, 2014); *Weidman v. Wilcox*, No. 12 Civ. 6525 (MAT), 2014 WL 1056416 (W.D.N.Y. March 17, 2014). Here, by contrast, as Judge Francis found, there were "special circumstances" that excused Frasier's failure to exhaust her administrative remedies, including the fact that she had received a procedurally favorable outcome as to her grievance within the prison system, and had not been notified of an unfavorable outcome. Report 9–10. The Court does not find clear error in this analysis.

## CONCLUSION

For the foregoing reasons, the Court adopts in full the Report's recommendation that defendants McNeil and Martinez's motion to dismiss be denied. The Clerk of Court is directed to terminate the motions pending at docket numbers 28 and 38. The case is referred back to Magistrate Judge Francis for further proceedings.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: March 5, 2015
     New York, New York