UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   14 8 15
```

------------------------------------------------------------X

KEYONNIE FRASIER,

                           Plaintiff,

                -v-

CYNTHIA MCNEIL, et al.,

                        Defendants.

13 Civ. 8548 (PAE)

OPINION & ORDER

------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

     Plaintiff Keyonnie Frasier, proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 against three corrections officers, Cynthia McNeil, Amy Martinez, and Tarsha Bethea, alleging that they used excessive force against her, and thereby violated her constitutional rights, while she was incarcerated at the Bedford Hills Correctional Facility ("Bedford Hills"). McNeil and Martinez (hereinafter, "defendants") now move to dismiss, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. For the following reasons, defendants' motion is granted and the case is dismissed with prejudice.

## I.    Background

     On November 26, 2013, Frasier, a former inmate of Bedford Hills, filed suit against defendants McNeil, Martinez, and Bethea, as well as other prison staff (nurses Gabaco and Laslow, Sergeant Robert Arndt, and Sabina Kaplan, the superintendent of Bedford Hills). Dkt. 2.[1] On December 17, 2013, the Court issued an order allowing Frasier to proceed *in forma*

---

[1] Frasier's complaint identifies the nurses as "Nurse Gabaco" and "Nurse Laslow," Dkt. 2, ¶ 6, whereas defendants' brief identifies them as "Nurse Marguerite Gbocho" and "Nurse Patricia Laslow," Dkt. 60 ("Defs. Br."), at 3.

*pauperis*.  Dkt. 5.  On March 10, 2014, the Court referred this case to the Honorable James C.

Francis IV, United States Magistrate Judge, for general pretrial supervision.  Dkt. 17.

On May 16, 2014, McNeil, Martinez, Arndt, Gabaco, Laslo, and Kaplan moved to

dismiss the complaint.  Dkt. 28.  On June 20, 2014, Frasier filed the Amended Complaint, raising

claims against only McNeil, Martinez, and Bethea.  Dkt. 35.[2]  The Amended Complaint alleges

that McNeil, Martinez, and Bethea violated Frasier's Eighth Amendment rights by using

excessive force against her during a visit to the Regional Medical Unit's "strip frisk" room.  *Id.*

On July 25, 2014, McNeil and Martinez moved to dismiss the Amended Complaint.  Dkt.

38.  Frasier did not submit a brief in opposition to the motion.  On December 19, 2014, Judge

Francis issued a Report and Recommendation, recommending denial of the motion to dismiss.

Dkt. 45.  On February 2, 2015, McNeil and Martinez filed objections to the Report.  Dkt. 50.

Frasier did not respond to these objections.  On March 5, 2015, the Court adopted the Report's

recommendation in full, and denied the motion to dismiss.  Dkt. 52.

On March 10, 2015, Judge Francis issued an order scheduling a pretrial conference for

March 31, 2015.  Dkt. 53.  Frasier did not appear at that conference.  *See* Defs. Br. 3; Dkt. 61

("Fu Decl."), ¶ 9.  On March 19, 2015, defendants filed an answer.  Dkt. 54.

On April 3, 2015, Judge Francis issued an order rescheduling the pretrial conference for

April 28, 2015, and stating that "[p]laintiff and defendants' counsel must attend."  Dkt. 55.

Frasier, however, did not attend.  Defs. Br. 3; Fu Decl. ¶ 11.  Defendants represent that Frasier

---

[2] Defendants state that, on January 30, 2013, nearly one year before Frasier filed the original
complaint, Bethea resigned from the New York State Department of Corrections and Community
Supervision.  Defs. Br. 1 n.1.  Defense counsel represents that it has been unsuccessful in its
attempts to notify Bethea of this lawsuit, does not represent Bethea, and does not know whether
any attempt was made to serve Bethea with the Amended Complaint.  *Id.*

later advised one of Judge Francis's law clerks that she would attend the next conference.  Fu Decl. ¶ 12.

On May 4, 2015, Judge Francis issued another order rescheduling the pretrial conference for June 2, 2015, and reiterating that "[p]laintiff and defendants' counsel must attend."  Dkt. 57. Frasier, again, failed to appear.  Defs. Br. 3–4; Fu Decl. ¶ 13.

On June 3, 2015, Judge Francis issued an order, setting an October 30, 2015 deadline to complete discovery.  Dkt. 58.  The order cautioned Frasier that "if she fail[ed] to cooperate in discovery, her complaint [would] be dismissed."  *Id.*

On August 25, 2015, defense counsel served Frasier, by mail, with defendants' requests for documents and interrogatories.  Defs. Br. 4; Fu. Decl. ¶ 15.  To date, Frasier has not responded to these discovery requests, or otherwise communicated with defendants or the Court. Defs. Br. 4; Fu. Decl. ¶ 16.

On November 30, 2015, defendants filed a motion to dismiss, pursuant to Rule 41(b), for failure to prosecute, Dkt. 59, as well as a memorandum of law, Defs. Br., and a declaration by defense counsel, Fu Decl., in support.

## II.    Discussion

Rule 41(b) provides for involuntary dismissal of an action "[f]or failure of the plaintiff to prosecute."  Dismissal for failure to prosecute is a matter committed to the Court's discretion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).  Although dismissal is a "harsh remedy that should be utilized only in extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks and citation omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful

access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

In considering a motion to dismiss under Rule 41(b), the Court must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted).  No single factor is dispositive.  *Id.*

Here, all five factors favor dismissal.  First, Frasier has neglected to prosecute this case or comply with court orders for more than seven months.[3]  When assessing the duration of delay, courts consider "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004).  The delays here are attributable entirely to Frasier.  And a seven-month delay, under the present circumstances, is substantial enough to warrant dismissal.  *See, e.g.*, *Cain v. Simon & Schuster*, No. 11 Civ. 4460 (SAS), 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013) (delays of "five to eight months are usually sufficient" to weigh in favor of dismissal; "[f]actors such as the violation of court orders . . . and failure to appear at scheduled conferences may be considered in determining what length of time is appropriate"); *Antonio v. Beckford*, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (failure to comply with court deadlines for more than four months favored dismissal); *Lopez v. Catholic Charities*

---

[3] Frasier's failure to prosecute arguably dates back to March, when Frasier failed to appear at the initial pretrial conference, *see* Defs. Br. 3; Fu Decl. 9, rather than April, when Frasier failed to appear at the conference that she had been explicitly ordered to attend, *see* Defs. Br. 3; Fu Decl. 11.

*of Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *3–4, 6 (S.D.N.Y. Jan. 22, 2001) (dismissing action where plaintiff failed to prosecute action for three months by neglecting to attend pretrial conferences, respond to motions, or comply with discovery orders).

Second, Frasier was given clear notice that failure to comply would result in dismissal of this action. On June 3, 2015, Judge Francis ordered Frasier to cooperate in discovery, and specifically warned that, if she failed to do so, her complaint would be dismissed. Dkt. 58. This factor, therefore, also supports dismissal. *See Hardimon v. Westchester Cty.*, No. 13 Civ. 1249 (PKC), 2014 WL 2039116, at *2 (S.D.N.Y. May 16, 2014) (second factor favored dismissal where *pro se* plaintiff received "specific notice that further delay would result in dismissal"); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (stating that "it is difficult to imagine how dismissal for unexplained non-compliance could be an abuse of discretion" where *pro se* litigant received a "specific" warning that failure to comply would result in dismissal).

Third, defendants would continue to be prejudiced by further delays. Defendants have already been prejudiced in that they have been forced to expend time and resources attending conferences at which Frasier failed to appear, and preparing discovery requests to which Frasier failed to respond. *See Nials v. Bank of Am., N.A.*, No. 13 Civ. 5720 (AJN), 2015 WL 3526981, at *3 (S.D.N.Y. June 4, 2015) ("The delay created by the plaintiffs' refusal to cooperate with discovery requests is clearly prejudicial."); *Wacha v. Town of Deerpark, N.Y.*, No. 06 Civ. 15531 (KMK), 2008 WL 2061268, at *5 (S.D.N.Y. May 9, 2008) (defendants were "prejudiced by the fact that they [were] forced to expend time and resources to appear before the Court on numerous occasions during which neither Plaintiff nor counsel on his behalf appeared," and by Plaintiff's failure to respond to discovery requests, which "left [defendants] unable to prepare a proper defense, yet burdened with the cost of motion practice and appearing for court conferences

ignored by Plaintiff").  Further non-compliance by Frasier would require additional motion practice by defendants—*e.g.*, motions to compel Frasier's participation or compliance with discovery demands.

Moreover, where a plaintiff's delay is "lengthy and inexcusable," the Court may presume prejudice to the defendants as a matter of law.  *Norden Sys., Inc.*, 375 F.3d at 256.  Here, over many months, Frasier failed to appear at three pretrial conferences, two of which she had been expressly ordered to attend, and none of which she ever sought to adjourn.  *See* Dkts. 53, 55, 57; Defs. Br. 3–4; Fu Decl. ¶¶ 9, 11, 13.  And she has completely neglected to respond to defendants' discovery requests, Defs. Br. 4; Fu Decl. 16, despite Judge Francis's clear order that failure to do so would result in dismissal, Dkt. 14.  In fact, Frasier has not communicated with defense counsel or the Court—to offer an excuse for her non-compliance or otherwise—in many months.  *See* Defs. Br. 4; Fu Decl. 16.  The lengthy and unexcused delays produced by Frasier's lapses give rise to a presumption of prejudice that supports dismissal.

Fourth, the Court's interest in managing its docket favors dismissal.  The Second Circuit has cautioned that "[a] court must not let its zeal for a tidy calendar overcome its duty to do justice."  *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citation omitted).  Nonetheless, "fairness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)" may necessitate dismissal under Rule 41(b).  *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980).  "While one case more or less has little impact on the Court's docket, [a plaintiff's] claim on the Court's time is undermined by [her] failure to comply with [the Court's] orders and [her] discovery obligations under the Federal Rules."  *Nials*, 2015 WL 3526981, at *3.  Here, Frasier has been given multiple opportunities to be heard since March 2015, each of which she has

rebuffed.  *See Lediju v. N.Y.C. Dep't of Sanitation*, 173 F.R.D. 105, 111 (S.D.N.Y. 1997) (fourth factor weighed in favor of dismissal where plaintiff "ha[d] been afforded every opportunity to litigate his claim").  "It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that [Frasier] will reappear in the future." *Davison v. Grillo*, No. 05 Civ. 4960 (NG), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006).

Finally, "[i]n light of the express warning of dismissal, there is no reason to believe that a lesser sanction would be effective."  *Hardimon*, 2014 WL 2039116, at *2 (dismissing action with prejudice for failure to prosecute where plaintiff failed to appear at court-ordered conference) (citing *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 178 (2d Cir. 2010) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case.")).  Because Frasier is a *pro se* litigant of apparently modest means, *see* Dkt. 5 (order granting *in forma pauperis* application), "monetary sanctions are unlikely to be effective."  *Samman v. Conyers*, 231 F.R.D. 163, 166 (S.D.N.Y. 2005).  And because defendants have incurred not only the costs of litigation, but also prejudice in their ability to prepare for trial, sanctions would not provide an adequate remedy.  *Id.*

While the Court affords Frasier "special solicitude" as a *pro se* litigant, *Williams v. Addie Mae Collins Cmty. Serv.*, No. 11 Civ. 2256 (LAP), 2012 WL 4471544, at *3 (S.D.N.Y. Sept. 27, 2012), "a plaintiff's *pro se* status should not explain or excuse disregard for or abandonment of his own lawsuit."  *Hardimon*, 2014 WL 2039116, at *2; *see also McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders.  When they flout that

obligation they, like all litigants, must suffer the consequences of their actions."). Despite ample notice of the possibility of dismissal if she failed to cooperate in discovery, Frasier failed to respond to defendants' discovery requests. *See* Dkt. 58; Defs. Br. 4; Fu Decl. ¶¶ 15–16. The Court has no reason to doubt that Frasier would similarly disregard any sanction short of dismissal. Accordingly, this factor, too, favors dismissal. *See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1177 (2d Cir. 1988) ("flagrant disregard of court orders" justified dismissal of *pro se* plaintiff's action); *Lopez*, 2001 WL 50896, at *5 (dismissal of *pro se* plaintiff's complaint was warranted where plaintiff violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences, because "lesser sanctions would simply impose on defendant the burden of continuing to litigate an action that plaintiff appears to have abandoned completely").

Having duly considered the relevant factors under Rule 41(b), the Court concludes that dismissal is clearly warranted here. Defendants' motion to dismiss for failure to prosecute is, therefore, granted.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss the Amended Complaint with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 59 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 8, 2015
New York, New York

8